**F I L E D**
                                                        **United States Court of Appeals**
                                                                  **Tenth Circuit**

**UNITED STATES COURT OF APPEALS**                        **FEB 7 2003**

**TENTH CIRCUIT**
                                                            **PATRICK FISHER**
                                                                  **Clerk**

ROBERT WAYNE HAMBY,

      Plaintiff - Appellant,

v.

LENORA JORDAN, Warden JCCC;
WACKENHUT CORRECTIONAL
FACILITY, Warden; and JAMES L.
SAFFLE, Director OK DOC,

      Defendants - Appellees.

No. 02-6106
D.C. No. CIV-01-620-L
(W.D. Oklahoma)

## ORDER AND JUDGMENT

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Robert Wayne Hamby, an Oklahoma state inmate appearing pro se, appeals from the district court's denial of his motions for injunctive relief. Plaintiff seeks to enjoin and restrain various prison officials from transferring him from his current place of incarceration to another prison. He asserts that he is entitled to this relief because he is subject to possible assault if he is transferred from his current facility.

We review the district court's denial of a motion for a preliminary injunction for "an abuse of discretion, legal error, or clearly erroneous factual findings." *Kikumura v. Hurley*, 242 F.3d 950, 955 (10th Cir. 2001). "A movant is entitled to a preliminary injunction if he can establish the following: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant if the preliminary injunction is denied; (3) the threatened injury to the movant outweighs the injury to the other party under the preliminary injunction; and (4) the injunction is not adverse to the public interest." *Id.* "Because a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." *Id.* (internal quotation marks omitted).

The magistrate judge found that Plaintiff had not established his right to the injunctive relief sought, and noted that Plaintiff had not exhausted his administrative remedies on his claim. Accordingly, he recommended denying

Plaintiff's motions.  The district court adopted that recommendation in its entirety.

After reviewing the magistrate judge's recommendation, the district court's order, and the briefs and record on appeal, we conclude that Plaintiff has failed to demonstrate an abuse of discretion, legal error, or clearly erroneous factual findings in connection with the denial of his motions for injunctive relief.  We **AFFIRM** for substantially the same reasons stated in the magistrate judge's recommendation dated February 20, 2002, and the district court's order dated March 14, 2002.  Plaintiff's motion for leave to proceed without prepayment of costs and fees is denied.  Plaintiff is advised that he must submit immediate payment of the unpaid balance due in this appeal.

Entered for the Court

Harris L Hartz
Circuit Judge